IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SEATTLE'S BEST COFFEE, LLC**<br><br>Plaintiff,<br><br>v.<br><br>**AMIT PATEL and DEVESH, INC.**<br><br>Defendants. | Case No.: 1:12-cv-6190 |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Seattle's Best Coffee, LLC ("Seattle's Best"), for its Complaint against defendants Amit Patel and Devesh, Inc., states as follows:

**INTRODUCTION**

1. This action arises out of the termination of a written licensing agreement between Seattle's Best and Patel. After Patel breached the agreement by failing to comply with operational standards, failing to remit required payments for products, royalties, and other fees, and failing to cure those defaults after having received written notice thereof and demand for such cure, Seattle's Best terminated the licensing agreement for cause. Despite the termination of the licensing agreement, defendants continue to (1) unlawfully use Seattle's Best's name and marks and (2) violate post-termination provisions of the licensing agreement. Seattle's Best seeks a preliminary and permanent injunction to enjoin defendants' infringement of Seattle's Best's federally-registered names and marks and unfair competition in violation of federal

1

trademark laws, and from continuing to violate those post-termination obligations under the licensing agreement.

## PARTIES

1. Plaintiff Seattle's Best is a Washington limited liability company. Its sole member is a Georgia corporation with its principal place of business in the State of Washington.

2. Defendant Amit Patel is a citizen and resident of the State of Illinois.

3. Defendant Devesh, Inc. ("Devesh") is an Illinois corporation with its principal place of business in the State of Illinois.

## JURISDICTION AND VENUE

4. The Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

5. The Court also has original subject matter jurisdiction of this action under 28 U.S.C. § 1332(a)(1), in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

7. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(1) because all defendants are residents of Illinois, and at least one defendant resides in this judicial district.

**FACTUAL BACKGROUND**

8. Seattle's Best is engaged in the highly-competitive retail coffee business.

9. Seattle's Best brand coffee and related specialty products are distributed throughout the United States through authorized Seattle's Best franchisees who operate Seattle's Best cafes and kiosks pursuant to written agreements with Seattle's Best.

10. Seattle's Best also sells Seattle's Best brand coffee and related specialty products at wholesale and by mail order.

11. Seattle's Best franchised brand is Seattle's Best Coffee®.

**The Seattle's Best Marks**

12. To identify the source, origin, and sponsorship of its products and services, and to distinguish those products and services from those established, made, offered, and sold by others, authorized Seattle's Best franchisees have extensively used certain trademarks, service marks, trade names, logos, emblems, and indicia of origin, including but not limited to the Seattle's Best mark (the "Seattle's Best Marks"), in connection with the operation of authorized Seattle's Best cafes.

13. Seattle's Best owns the Seattle's Best Marks. Seattle's Best has the full right and authority to use and sublicense the use of the Seattle's Best Marks to others, including authorized Seattle's Best licensees.

14. Pursuant to franchise agreements entered into by Seattle's Best and its authorized franchisees, Seattle's Best grants franchises to qualified persons to own and operate Seattle's Best cafes or kiosks, together with a limited license to use the Seattle's Best Marks in connection

therewith, but only in such manner and at such locations as are expressly authorized by Seattle's Best in the franchise agreements.

15. The Seattle's Best Marks are registered on the Principal Register of the United States Patent and Trademark Office. The registrations of the Seattle's Best Marks continue in full force and effect.

16. Seattle's Best has given notice to the public of the registration of the Seattle's Best Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that it and its authorized licensees remain the exclusive users of the Seattle's Best Marks.

17. Seattle's Best and its authorized licensees have continuously used the Seattle's Best Marks in interstate commerce in connection with the promotion, sale, and franchising of Seattle's Best cafes and kiosks and the promotion and sale of the coffee and related specialty products they offer throughout the United States, since the date of their registration.

18. Seattle's Best and its authorized licensees have extensively advertised and promoted the Seattle's Best Marks and the products and services they offer in association with those marks throughout the United States and through various media. As a result of such efforts and the considerable money spent in connection therewith, the products offered by Seattle's Best and its authorized franchisees under the Seattle's Best Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

## Patel's License Agreement

19. On September 2, 2009, Seattle's Best, as licensor, entered into a written license agreement with defendant Amit Patel, as licensee, pursuant to which Seattle's Best granted Patel

a limited license to construct, develop, and operate five Seattle's Best Cafes (the "Licensing Agreement").

20. Patel operated his licensed Seattle's Best cafe at 1055 E. Monroe Street, Chicago, IL 60603 (the "Seattle's Best Cafe"). Patel enjoyed the full and complete benefit of the license granted to him under the Licensing Agreement.

21. Seattle's Best at all times fully performed all of its obligations under the Licensing Agreement.

## Defendants' Post-Termination Obligations

22. Patel acknowledged and agreed that, as a Seattle's Best licensee, he would receive, and he in fact received, Seattle's Best's trade secrets and confidential information. Patel agreed not to disclose any trade secrets or confidential information other than as permitted under the Licensing Agreement.

23. During the course and within the scope of his license relationship with Seattle's Best, Patel was entrusted with trade secrets and confidential information of Seattle's Best that were not available or accessible to, or known or ascertainable by, competitors of Seattle's Best.

24. The trade secrets and confidential information entrusted to Patel in his capacity as a Seattle's Best licensee afforded him and Devesh (the entity through which he purported, without Seattle's Best's consent, to operate the Seattle's Best Cafe) a competitive advantage over their competitors.

25. The trade secrets and confidential information are critical to Seattle's Best and its authorized franchisees' ability to maintain their competitive advantage in the coffee business.

26. Seattle's Best would be at a substantial competitive disadvantage if the trade secrets and confidential information known by defendants were to be used by a competitor or by defendants in the operation of a competitive business.

27. Patel further agreed that in the event that he violated his non-disclosure obligations, injunctive relief should issue to enjoin any further violations, and he agreed to pay all court costs and attorneys' fees incurred in connection with such injunction proceedings.

28. Patel agreed that upon termination of the Licensing Agreement he would pay all sums due and owing to Seattle's Best, cease to operate the Seattle's Best Cafe, and shall not thereafter, directly or indirectly, hold any such location out as a Seattle's Best cafe, cease using Seattle's Best Marks, return all manuals and training materials, cancel all telephone and other directory listings, pay liquidated damages as provided for in the Licensing Agreement, and abide by a prohibition against Patel having any interest, directly or indirectly, in the ownership or operation of any business engaged in the sale of services or products the same as, similar to, or competitive with those offered by Seattle's Best at the location of the Seattle's Best Cafe or any other location within one-half mile radius of the Seattle's Best Cafe for one year following the date of termination.

29. The Licensing Agreement provides that if Seattle's Best is the prevailing party in any legal proceeding related to the Licensing Agreement, then Seattle's Best shall recover its costs and expenses, including attorneys' fees, incurred in connection with such proceeding.

**Termination of the Licensing Agreement**

30. On July 11, 2011, Seattle's Best notified Patel that he was in default of the Licensing Agreement for failing to remit payment for products, royalties, and other fees in accordance with the terms of the Licensing Agreement.

31. On September 23, 2011, Seattle's Best notified Patel that he was in default of the Licensing Agreement for failing to follow system standards, as required under the Licensing Agreement, by, among other things, selling expired product and failing to operate the Seattle's Best Cafe under the direct control of a certified, dedicated management associate.

32. On November 14, 2011, Seattle's Best notified Patel that he was in default of the Licensing Agreement for failing to follow system standards by, among other things, continuing to sell expired product and selling unapproved products.

33. On May 3, 2012, Seattle's Best notified Patel that he was in default of the Licensing Agreement for failing to remit payment for products, royalties, and other fees in accordance with the terms of the Licensing Agreement.

34. Notwithstanding the notices of default and demand for cure, Patel refused to cure his material breaches of the Licensing Agreement.

35. Seattle's Best subsequently terminated the Licensing Agreement for cause on August 2, 2012, based on Patel's breaches and failure to cure.

**Patel's Failure to Comply
With His Post-Termination Obligations**

36. After termination of the Licensing Agreement, Patel failed to comply and continues to fail to comply with his post-termination obligations.

37. In its August 2, 2012 notice of termination, Seattle's Best reminded Patel of his post-termination obligations, including his obligations to pay $17,982.74 in unpaid royalties and

$39,977.87 for various goods, cease operating and de-identify the Seattle's Best Cafe, cease using all articles which display the Seattle's Best Marks (including canceling all telephone and other directory listings), cease using any menus, recipes, formulas, equipment, methods, procedures, and the techniques associated with the Seattle's Best system, and pay, within thirty days, liquidated damages of $108,742.

38. Moreover, the August 2, 2012 termination notice reminded Patel that under the terms of the Licensing Agreement, he is prohibited from having any interest, directly or indirectly, in the ownership or operation of any business engaged in the sale of services or products the same as, similar to, or competitive with those offered by Seattle's Best at the Seattle's Best Cafe's location or any other location within one-half mile radius of the Seattle's Best Cafe for one year following the date termination.

39. Patel, however, continues to operate the Seattle's Best cafe and refuses to perform or to comply with his post-termination obligations under the Licensing Agreement.

## COUNT I - TRADEMARK INFRINGEMENT

40. Seattle's Best repeats and realleges ¶¶ 1 through 39 of its Complaint as if fully set forth herein.

41. Defendants' acts, practices, and conduct constitute an infringing use in interstate commerce of the Seattle's Best Marks, and are likely to cause consumer confusion or mistake and deceive the public in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42. Defendants' acts were, and continue to be, knowing and willful.

43. As a direct and proximate result of defendants' infringement, Seattle's Best has been and is likely to be substantially injured in its business, including its business reputation and

8

goodwill associated with the Seattle's Best Marks, resulting in lost revenues and profits, and diminished good will.

44. Seattle's Best has no adequate remedy at law because the Seattle's Best Marks are unique and represent to the public Seattle's Best's identity, reputation, and goodwill, such that damages alone cannot fully compensate Seattle's Best for defendants' misconduct.

45. Unless enjoined by the Court, defendants will continue to use and to infringe the Seattle's Best Marks to Seattle's Best's irreparable injury. This threat of future injury to Seattle's Best's business, identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued use of the Seattle's Best Marks, and to ameliorate and mitigate Seattle's Best's injuries.

## **COUNT II - UNFAIR COMPETITION**

46. Seattle's Bests repeats and realleges ¶¶ 1 through 39 of its Complaint as if fully set forth herein.

47. Defendants' acts, practices, and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Defendants' acts were, and continue to be, knowing and willful.

49. As a direct and proximate result of defendants' unfair competition, Seattle's Best has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

50. Seattle's Best has no adequate remedy at law because the Seattle's Best Marks are unique and represent to the public Seattle's Best's identity, reputation, and goodwill, such that damages alone cannot fully compensate Seattle's Best for defendants' misconduct.

51. Unless enjoined by the Court, defendants will continue to compete unfairly with Seattle's Best to Seattle's Best's irreparable injury. This threat of future injury to Seattle's Best's business, identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued unfair competition, and to ameliorate and mitigate Seattle's Best's injuries.

## COUNT III - BREACH OF CONTRACT: LICENSING AGREEMENT
## SPECIFIC PERFORMANCE

52. Seattle's Best repeats and realleges ¶¶ 1 through 39 of its Complaint as if fully set forth herein.

53. Patel's failure and refusal to comply with his post-termination obligations under the Licensing Agreement constitute material breaches of the Licensing Agreement and include, among others, the following:

A. His continued operation of the Seattle's Best Cafe.

B. His failure to de-identify the Seattle's Best Cafe from its former appearance as a Seattle's Best cafe.

C. His failure to cease using all signs, furniture, case goods, fixtures, equipment, advertising materials (including canceling all telephone and other directory listings), stationery, forms, packaging, containers, and any other articles which display the Seattle's Best proprietary trade name and service marks.

D. His failure to cease using any menus, recipes, formulas, equipment, methods, procedures, and the techniques associated with the Seattle's Best system.

      E.      His failure to return to Seattle's Best all manuals relating to the operation of the Seattle's Best Cafe, as well as records, files, instructions, correspondence, and any and all material relating to the operation of the Seattle's Best Cafe in his possession and all copies thereof.

      F.      His failure to comply with the prohibition against Patel having any interest, directly or indirectly, in the ownership or operation of any business engaged in the sale of services or products the same as, similar to, or competitive with those offered by Seattle's Best at the location of the Seattle's Best Cafe or any other location within one-half mile radius of the Seattle's Best Cafe for one year following the date of termination.

54.    As a result of Patel's ongoing breaches, Seattle's Best has suffered and will continue to suffer actual, substantial, and irreparable damage, including but not limited to loss of customer goodwill and loyalty, franchise system instability, lost profits, diminution in the value of its trade secrets and confidential information, and loss of competitive advantage, among other things.

55.    Seattle's Best has been and will be irreparably harmed by Patel's actions, and monetary damages are an insufficient remedy in that they cannot fully and adequately compensate Seattle's Best for the continuing damage to the value of Seattle's Best's goodwill, reputation, and customer loyalty, all of which are caused by Patel's ongoing breaches.

56.    Patel will continue to breach the Licensing Agreement unless his wrongful conduct is enjoined.

## COUNT IV – BREACH OF CONTRACT: LICENSING AGREEMENT
## DAMAGES

57. Seattle's Best repeats and realleges ¶¶ 1 through 39 and 53 through 56 of its Complaint as if fully set forth herein.

58. Patel's failure to remit payment for products, royalties, and other fees in accordance with the terms of the Licensing Agreement constitutes material breaches of the Licensing Agreement.

59. As a direct and proximate result of Patel's breaches, Seattle's Best has been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Seattle's Best respectfully prays for the following relief against defendants, jointly and severally, as follows:

A. A preliminary and permanent injunction enjoining Patel and his respective agents, servants, and employees, and those people in active concert or participation with him, including Devesh, from:

1. Continuing to operate the Seattle's Best Cafe;

2. Using the Seattle's Best Marks, or any trademark, service mark, logo, or trade name that is confusingly similar to the Seattle's Best Marks;

3. Otherwise infringing the Seattle's Best Marks or using any similar designation, alone or in combination with any other components;

4. Passing off any products or services as those of Seattle's Best or Seattle's Best's authorized franchisees;

5. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products or services;

6. Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Seattle's Best's franchisees, or with any of their products or services; and

7. Unfairly competing with Seattle's Best franchisees, in any manner, including by Patel having any interest, directly or indirectly, in the ownership or operation of any business engaged in the sale of services or products the same as, similar to, or competitive with those offered by Seattle's Best at the location of the Seattle's Best Cafe or any other location within one-half mile radius of the Seattle's Best Cafe for one year following the date of termination.

B. A preliminary injunction directing Patel and his respective agents, servants and employees, and those people in active concert or participation with him, including Devesh, to fully perform his post-termination obligations, including, without limitation, his obligations to cease using any of Seattle's Best's confidential information, his obligation to de-identify as a Seattle's Best cafe, his obligation to cancel all telephone and other directory listings, his obligation to return all manuals relating to the operation of the Seattle's Best cafe, his obligation to pay liquidated damages as outlined in the Licensing Agreement within thirty days of termination; and his obligation to abide by the prohibition against Patel having any interest, directly or indirectly, in the ownership or operation of any business engaged in the sale of services or products the same as, similar to, or competitive with those offered by Seattle's Best at the location of the Seattle's Best Cafe or

13

        any other location within one-half mile radius of the Seattle's Best Cafe for one year following the date of termination.

C.     An order pursuant to 15 U.S.C. § 1118 that all labels, signs, prints, packages, wrappers, receptacles, logo items, and advertisements in the possession of defendants, their agents, servants and employees, and any person in active concert or participation with them be delivered to Seattle's Best at defendants' cost;

D.     An order that defendants file with the Court and to serve upon Seattle's Best's counsel within ten (10) days after entry or any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

E.     An order that defendants account and pay over to Seattle's Best all gains, profits and advantages derived by them as a result of their infringement of the Seattle's Best Marks and unfair competition to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

F.     An order that defendants pay to Seattle's Best such damages as Seattle's Best has sustained by reason of said trademark infringement and unfair competition; and that, because of the willful nature of said infringement, the Court enter judgment for Seattle's Best in an amount equal to three times the amount of said damages, pursuant to Section 35 of the Lanham Act, 15 U.S.C. 1117;

G.     Damages for breach of contract in an amount to be determined at trial;

H.     An award of the costs and expenses, including reasonable attorneys' fees and costs, incurred by Seattle's Best in connection with this action; and

I.     Such other and further relief as the Court deems just and proper.

Dated: August 6, 2012                  Respectfully submitted,

                                                                    **SEATTLE'S BEST LLC**

                                                         By: <u>/s/ Fredric A. Cohen</u>
                                                                        One of its Attorneys

Fredric A. Cohen (ARDC #6198606)
Aaron-Michael Sapp (ARDC #6297528)
CHENG COHEN LLC
311 N Aberdeen St, Ste 400
Chicago, IL 60607
(312) 243-1701
fredric.cohen@chengcohen.com
asapp@chengcohen.com

*Attorneys for Plaintiff*

15